UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------ x
MAURICE ROBINSON                           :
                                           :
                Plaintiff,                  :
                                           :
   - against -                            :   11 Civ. 02480 (PAC) (DF)
                                           :
GARY LOCKE, Secretary,                     :   <u>ORDER ADOPTING R&R</u>
United States Department of Commerce       :
Bureau of the Census Agency                :
                                           :
                Defendant.                  :
------------------------------------------------------ x

USDC SNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>March 28, 2012</u>

HONORABLE PAUL A. CROTTY, United States District Judge:

      Maurice Robinson ("Plaintiff") seeks damages against his former employer, the United States Department of Commerce, for unlawful discrimination against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e et seq. ("Title VII"). In his Complaint, filed on April 1, 2011, Robinson alleges that shortly after he was hired in April, 2010 by the United States Census Bureau[1] (the "Census Bureau") as an enumerator for the 2010 Census, the Census Bureau terminated Robinson's employment because he is African American. On April 19, 2011, the Court referred this case to Magistrate Judge Deborah Freeman for general pretrial and dispositive motions. (Docket No. 8.) On July 11, 2011, Defendant Gary Locke, Secretary of the Department of Commerce ("Defendant"), moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 10.) Defendant asserts that Robinson failed to exhaust his administrative remedies, as required under Title VII, because Robinson failed to allege racial discrimination in the charge he filed with the Census Bureau's Equal Employment Opportunity Office ("EEO") on July 1, 2010. Robinson contends that he did not learn that his termination was based on race until after he filed his EEO charge.

---

[1] The Census Bureau is a division of the Department of Commerce.

1

On February 1, 2012 Magistrate Judge Debra Freedman issued a Report & Recommendation ("R&R"), recommending that the Court deny the motion to dismiss. (Docket No. 21.) After receiving an extension, Defendant filed objections to the R&R on March 13, 2012. (Docket No. 28.) The Court has reviewed the R&R and Defendant's objections in their entirety. For the reasons that follow, the Court adopts Magistrate Judge Freeman's Report and Recommendation. Defendant's motion to dismiss Plaintiff's Complaint is therefore denied.

## BACKGROUND[2]

In February 2010, Plaintiff took a qualifying test given by the Census Bureau to be hired as an "enumerator." On March 23, before he was hired, Plaintiff was arrested for trespassing on the Columbia University campus with a friend who was a Columbia student. Following the arrest, Robinson and his friend appeared in court and were told that the charges would be dropped if the friend could produce his student ID.

Prior to his next court appearance on May 6, 2010, Robinson received a call from the Census Bureau informing him that the Census Bureau wanted to hire him and that he should begin training for his new position on April 26, 2010. Robinson reported for training, and was required to fill out paperwork which included questions about arrest history. Robinson answered the questions truthfully. Subsequently, the Census Bureau informed Robinson that he had been hired for temporary employment as an enumerator. On May 2, 2010, Robinson was told to report for finger-printing. He was told that he would begin work shortly thereafter.

On May 6, 2010, Robinson returned to court, and the charges against him were dismissed. The next day, Robinson was informed by the Census Bureau that he had been terminated on the basis of his criminal history. He was told that the Census Bureau would

---

[2] Facts are taken from the R&R unless otherwise indicated.

2

consider rehiring him if he produced a certificate of disposition of his criminal case. Robinson provided this certificate to the Census Bureau, but he was not rehired.

Robinson's letter of termination from the Census Bureau informed him of his EEO rights and advised him as follows: "If you believe the decision to terminate your appointment was motivated by discrimination on the basis of race, color . . ., you may pursue a complaint through the Census Bureau's [EEO] complaint process." The letter further advised Robinson that he had 45 days from his termination date to contact the Census Bureau's EEO Office. On June 3, 2010, within the 45-day period, Robinson completed an EEO intake form and alleged that the Census Bureau had wrongfully terminated him by not following its own procedures during his background check. Robinson did not allege wrongful termination based on race or state that he was African American.

On June 29, 2010, the Census Bureau sent Robinson a Notice of Right to File, which explained his rights under Title VII. On July 1, 2010, Robinson filed a formal complaint (the "administrative charge") with the EEO Office, in which he claimed that he was unlawfully discriminated against by the Census Bureau as a result of his arrest for trespassing and the subsequent criminal proceeding. Robinson did not check boxes on the form to indicate discrimination based on race, however. On October 1, 2010, the Census Bureau dismissed Robinson's administrative charge for failure to state a claim because he did not allege discrimination under Title VII.

On Nov 6, 2010, Robinson appealed the agency's decision to the Equal Employment Opportunity Commission ("EEOC"). He was then represented by counsel. In his appeal, Robinson alleged—for the first time—that he was African American and that the Census Bureau discriminated against him based on race. He argued that at the time the agency issued its

decision, the Commerce Department employee who dismissed his complaint, Kathryn H. Anderson, knew about a Title VII class action filed against the Census Bureau[3] in which plaintiffs alleged that the agency's screening policy for new hires was racially discriminatory. Specifically, Robinson contended that Anderson had previously corresponded with his counsel regarding the Johnson class action, and that she was therefore aware that his claims were cognizable under Title VII based on a disparate-impact theory. On February 7, 2011 the board dismissed his appeal.

On April 1, 2011, Plaintiff commenced this action, alleging that he was unlawfully discriminated against under Title VII on the basis of his race when he was terminated from his job at the Census Bureau. On July 11, 2011, Defendant filed a motion to dismiss the Complaint, arguing that Robinson had not exhausted his administrative remedies with the Census Bureau before filing his Title VII claim.

On February 1, 2012, Magistrate Judge Freeman issued her R&R on Defendant's motion to dismiss. Magistrate Judge Freeman found that Robinson failed to claim race discrimination, and normally one would conclude that neither the Census Bureau nor the EEOC was put on notice of Plaintiff's Title VII claim. Nonetheless, she found that Robinson's Title VII claims were reasonably related to the allegations in his administrative charge. Magistrate Judge Freeman reasoned that, in light of the class action allegations pending against the Census Bureau in Johnson, as well as other relevant facts, "both the Bureau and the EEOC could have been expected to consider and investigate the question of whether [Robinson] may have been adversely impacted by the Bureau's screening policy because of his race." (R&R at 17.) Defendant filed objections on March 13, 2012.

---

[3] This action, Johnson , et al. v. Locke, No. 10 Civ. 3105 (S.D.N.Y.), was filed on April 13, 2010 and is currently pending before United States Magistrate Judge Frank Maas.

**DISCUSSION**

    A.  Standard of Review

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Where a party submits a timely objection to the report and recommendation, the Court reviews those portions of the report to which the party objected under a de novo standard. See Fed. R. Civ. P. 72(b)(3).

In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). A court need not accept as true, however, "[l]egal conclusions, deductions or opinions couched as factual allegations." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining the sufficiency of a complaint, the Court may consider "the factual allegations in [the] . . . complaint, . . . documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken,

[and] documents either in plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993).

> B. Government's Objections to Magistrate Judge Freeman's R&R

The government reasserts its argument that Robinson failed to exhaust his administrative remedies because he did not file an administrative claim of racial discrimination with the Census Bureau's EEO. The government contends that Magistrate Judge Freeman misconstrued existing law in recommending that the Court waive the administration exhaustion requirement and find that his Title VII claims were reasonably related to the allegations in his EEOC complaint. Upon review, the Court denies the government's objections.

> 1. Administrative Exhaustion

A Title VII plaintiff may bring suit in federal court only after exhausting his administrative remedies by filing a timely charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). "Exhaustion of administrative remedies through the EEOC is 'an essential element'" of the Title VII statutory scheme, and is thus "a precondition to bringing such claims in federal court." Legnani, 274 F.3d at 686 (quoting Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000)). The exhaustion requirement of Title VII encourages settlement by allowing employers and the EEOC to investigate and resolve allegations of discrimination prior to litigation. See Coleman v. Bd. of Educ., City of New York, No. 96 Civ. 4293 (GBD), 2002 WL 63555, at *3 (S.D.N.Y. Jan. 16, 2002).

A district court may still hear a Title VII claim not set forth in an administrative charge, if it is "reasonably related" to the allegations in the charge. Williams v. New York City Housing Auth., 458 F.3d 67, 70 (2d Cir. 2006). A Title VII claim not alleged in an EEOC charge may be

reasonably related to the charge "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001) (internal quotation omitted). In making this inquiry, the Court must examine whether the factual allegations made in a Title VII plaintiff's EEOC complaint would sufficiently alert the agency to investigate incidences of racial discrimination. See Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003); Williams, 458 F.3d at 70 ("The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination . . . .") (internal quotation omitted).

Magistrate Judge Freeman correctly found that Robinson's administrative charge did not allege race discrimination. (See R&R at 12 ("Plaintiff's administrative charge is indeed silent on the issue of race . . . .")) In essence, his administrative complaint states only that he was arrested for trespassing on Columbia University property while visiting a friend, and that as a result of his arrest, the Census subsequently terminated Robinson's employment. (Anderson Decl., Ex. A, at 2, 11.) Robinson also failed to check any of the boxes on the complaint form that would indicate the basis for any discrimination. (Id. at 2.) Nor did Robinson allege any racial discrimination when he filled out an EEO Decennial Intake Session Worksheet. (Id., Ex. B.) Rather, he contended that the Census terminated him as a result of his adverse background check, even though the charges against him were dismissed. (Id.) Notwithstanding his timely filing of an administrative charge, Robinson has failed to exhaust his administrative remedies. See, e.g., Wilson v. N.Y.C. Police Dep't, No. 09 Civ. 2632 (PAC) (HBP), 2011 WL 1215735, at *3 (dismissing Title VII claim for failure to exhaust administrative remedies where plaintiff failed to check relevant boxes or allege basis for discrimination in EEOC charge).

Magistrate Judge Freeman nevertheless recommends that the Court excuse Robinson's failure to exhaust his administrative remedies, and find that his Title VII claims of racial discrimination are reasonably related to his administrative charge in light of the pending class action in <u>Johnson</u> and certain other unique facts in this case.  Magistrate Judge Freeman observed that before Robinson filed his administrative charge, the Census Bureau and EEOC were already on notice that the Census Bureau's facially race-neutral policy of terminating employees with minor criminal records allegedly had a disproportionate impact on minorities, including African Americans.  Indeed, on July 10, 2009, a year before Robinson filed his administrative charge, the EEOC informed Thomas Mesenbourg, Acting Director of the Census Bureau, that the Bureau's policy of excluding applicants based on a criminal record was "overbroad" and might "run afoul of Title VII" because "such exclusions almost always have a disproportionate effect on African Americans and Hispanics."  (<u>Johnson</u>, Docket No. 44, Ex. 28, at 1.)  In addition, Kathryn H. Anderson, the individual who processed Robinson's charge, was familiar with the allegations in <u>Johnson</u> and other administrative complaints alleging race discrimination based on the same treatment at issue in this case. (R&R at 15.)  Although it is unclear from the record whether Anderson met with Robinson in person, an EEO Counselor from the Census Bureau conducted an intake interview of Robinson and would have observed that he is African American.  (<u>See</u> Anderson Decl., Ex. C.)  Magistrate Judge Freeman reasoned that "[a]s a result of this history, both the Bureau and the EEOC could have been expected to consider and investigate the question of whether [Robinson] may have been adversely impacted by the Bureau's screening policy because of his race."  (R&R at 17.)

In light of these facts, the Court agrees that both the Census Bureau and the EEOC were sufficiently on notice in order to conduct an investigation into whether Robinson's termination

was the result of racial discrimination.[4]  See Williams, 458 F.3d at 71 (finding Title VII claim of sex discrimination was reasonably related to retaliation allegations made in EEOC charge where charge included factual allegations consistent with sex discrimination).  Contrary to the government's argument, it is irrelevant that at the time Robinson filed his administrative charge, he did not yet suspect that his termination was the result of a pattern of possible race discrimination.  The government cites no case suggesting that Robinson's intent at the time he filed his administrative charge controls the analysis of whether those allegations were reasonably related to his Title VII claim of racial discrimination.  Since the Court agrees with Magistrate Judge Freeman's recommendation that Robinson's Title VII claims were reasonably related to his EEOC charge, the Court need not reach the government's objections to Magistrate Judge Freeman's alternative recommendation.

---

[4] Indeed, as the government observes in its objections, "Robinson's administrative charge was unambiguously clear in alleging only that Census, in terminating his employment, had improperly failed to take into account the fact that his recent criminal charges had been dismissed." (Govt's Obj. at 16.)  These allegations parallel the core allegations in Johnson and were sufficient to place the agency on notice of possible racial discrimination in Robinson's case.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the Report and Recommendation as its opinion. Defendant's motion to dismiss the Complaint is denied. Pursuant to his letters to the Court dated March 23, 2012 and March 26, 2012, Plaintiff may have leave to file his amended complaint.

Dated: New York, New York
       March 28, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge