USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____ _____
DATE FILED: May 20, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
MAURICE G. ROBINSON,                              :
                                                  :
                        Plaintiff,                :
                                                  :
        - against -                               :      11 Civ. 2480 (PAC) (DF)
                                                  :
REBECCA M. BLANK, Acting                          :      ORDER ADOPTING R&R
Secretary of the Department of Commerce,          :
                                                  :
                        Defendant.                :
------------------------------------------------------- x

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 1, 2011, plaintiff Maurice Robinson ("Robinson") filed this action against his former employer, the United States Department of Commerce,[1] for discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). He alleges that he was wrongfully terminated by the Census Bureau (the "Bureau"), a division of the Department of Commerce, pursuant to policies and practices that he alleges have a disparate impact on racial minorities.

A more complete recitation of the factual allegations and Robinson's complaint is set forth in this Court's prior opinion of March 28, 2012, denying Defendant's motion to dismiss for failure to exhaust administrative remedies. (Dkt. No. 33.) Briefly summarized, Robinson was hired as an enumerator for the 2010 Census, a job which was of a very limited duration. Therafter, Robinson was arrested for trespassing, and fired due to the arrest. The charges against him were subsequently dropped and Robinson's record expunged. Nevertheless, he was not rehired because the expungement records were not properly filed in Robinson's personnel folder

---

[1] Robinson originally named Gary Locke, formerly the United States Secretary of Commerce, as the defendant in this matter. (Dkt. 2.) After his resignation and the appointment of John Bryson as the United States Secretary of Commerce, the Court substituted John Bryson as the defendant. (Dkt. 34.). After he, in turn, resigned, Rebecca Blank, currently Acting Secretary of Commerce, was substituted as the defendant. (Dkt. 50).

1

at the Bureau.  The current dispute centers around the timeliness of Robinson's complaint and the appropriateness of the relief sought, given the finite duration of the job he was hired to perform.

On April 13, 2012, Robinson filed an Amended Complaint seeking lost wages and equitable relief, including "(i) a declaration that the policies and practices described in the First Amended Complaint are unlawful and violate Title VII; (ii) an injunction prohibiting [the Bureau] from engaging in the policies and practices described in the First Amended Complaint; (iii) an order that [the Bureau] eradicate the effects of its past and present unlawful employment practices by instituting and carrying out policies, practices, and programs that provide equal employment opportunities for all applicants and employees; and (iv) an order reinstating his employment."  (Objections at 1-2 (internal quotations and citations omitted).)

Defendant moves to dismiss Robinson's claims for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 12(b)(1).  On February 26, 2013, Magistrate Judge Debra Freeman issued a Report and Recommendation ("R&R") recommending that Defendant's motion be granted in part and denied in part.  Defendant's objections were received on April 9, 2013.  For the reasons that follow, Defendant's motion is partially granted and partially denied, as set forth below.

DISCUSSION

## I.   Legal Standard

In reviewing a report and recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "Where a party objects to an R&R, the Court must review the contested portions *de novo*, but the Court may adopt those portions of an R&R that are not objected to, so long as

there is no clear error on the face of the record." Etheridge v. Alliedbarton Sec. Servs., LLC, No. 12 Civ. 5057, 2013 WL 1832141, at *1 (S.D.N.Y. May 1, 2013).

## II.     The R&R

### *a. Standing*

Defendant contends that Robinson lacks standing to seek a declaration that the Bureau's background checks are unlawful because the policies are no longer in place – indeed, that they were not even in place at the time of the initial complaint.  Nor can their change possibly affect Robinson because hiring for the enumerator position is now over and, although such relief might be possible with respect to hiring for the 2020 census, that is too remote to confer standing.

Plaintiffs must demonstrate three elements to prove that they have standing to bring suit:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (quotations omitted).  "'[A] plaintiff must demonstrate standing for each claim and form of relief sought.'"  NRDC v. FDA, 710 F.3d 71, 86 (2d Cir. 2013) (quoting Baur v. Veneman, 352 F.3d 625, 641 n.15 (2d Cir. 2003)).  When seeking injunctive relief, plaintiffs must also show that they have "'sustained or [are] immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'"  Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)).  In doing so, plaintiffs generally "'cannot rely on past injury to satisfy the injury requirement but must show a likelihood that [they] . . . will be injured in the future,'" id. (quoting DeShawn E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998)), though courts have recognized an exception where the injunctive relief sought is the

reinstatement of a former employee. See Kassman v. KPMG LLP, -- F. Supp. 2d --, 2013 WL 452913, at *10-11 (S.D.N.Y. 2013).

First, the magistrate judge recommended that Robinson has standing to seek an injunction requiring Defendant to expunge any agency records of his termination and/or provide a declaration that his termination was improper because "it is not 'merely speculative' to infer that the extremely short duration of Plaintiff's employment . . . would give rise to questions by a prospective employer regarding the circumstances under which Plaintiff left his position" or that "the disclosure of those circumstances would cause Plaintiff harm" which "could be remedied by a[n] . . . injunction." (R&R at 16 (quoting Bauer, 352 F.3d at 633). Second, the magistrate judge recommended that Robinson be allowed additional discovery into the Bureau's practices because the record was ambiguous as to whether he had standing to challenge rehiring policies and whether the Bureau was hiring for the position from which he was terminated at the time he filed his suit. (Id. at 17-19.) Third, the magistrate judge recommended that Robinson lacked standing to enjoin the Bureau's termination policy because alternative theories under which it might harm him in the future were "too 'speculative.'" (Id. (quoting City of Los Angeles v. Lyons, 461 U.S. 103, 109 (1983)).

   *b. Mootness*

Defendant argues that the instant dispute is now moot. The 2010 census is over, its work in the books, so the policies and practices which governed the Bureau in the hiring of enumerators are no longer in effect. "In general, a case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). "While standing focuses on the status of the parties when an action is

commenced, the mootness doctrine requires that the plaintiffs' claims remain alive throughout the course of the proceedings." Etuk v. Slattery, 936 F.2d 1433, 1441 (2d Cir. 1991). "[T]he party seeking to have the case dismissed bears the burden of demonstrating mootness and that burden 'is a heavy one.'" Id. (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

The magistrate judge recommended that the defendant failed to carry this "heavy burden" because Robinson "claims that the Bureau's objectionable policy is still in place, and even Defendant does not contend that the policy has been definitively abandoned and replaced with an alternative policy free of the alleged deficiencies." (R&R at 21.)

    *c. Ripeness*

Defendant asserts that Robinson's claims for injunctive and declaratory relief are not ripe because they relate to future hiring decisions. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08 (2003) (quoting Abbot Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)). In determining whether a dispute is ripe, courts engage in a "two-pronged analysis of (1) whether the issues presented to the district court are fit for review, and (2) what hardship the parties will suffer in the absence of review." Connecticut v. Duncan, 612 F.3d 107, 113 (2d Cir. 2010).

The magistrate judge recommended rejecting Defendant's argument because Robinson "is alleging a longstanding, and . . . continuing, policy of using background checks (and specifically criminal histories) in a discriminatory way." (R&R at 22.) Accordingly, the claims

are ripe because they are "directed at preventing the continued application of the . . . discriminatory policies." (Id. at 22-23.)

## III.    Defendant's Objections

### a.  Standing to Seek Reinstatement

Defendant asserts error in the magistrate judge's recommendation that Robinson has standing to seek reinstatement to his job because "the relevant inquiry . . . is not . . . whether a plaintiff 'at the time the suit is commenced' could have been reappointed to his old position, but rather whether reinstatement is a feasible remedy." (Objections at 10.)  Further, assuming *arguendo* that the magistrate judge applied the proper standard, Robinson could not have been reinstated when he filed his initial complaint on April 1, 2011.  First, the magistrate judge is correct: "Standing is determined at the time a complaint is filed," whereas the ongoing feasibility of "injunctive relief . . . is a question of mootness, not standing." Jones v. Goord, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006).  Defendant cites no authority to the contrary.  Whether Robinson's suit is moot is addressed infra.

Second, with respect to whether Robinson had standing to seek injunctive relief, the magistrate judge concluded that "discovery . . . is needed to clarify the record." (R&R at 18-19.) The magistrate judge found that Defendant's declaration concerning whether Robinson could have been reinstated to the same position was ambiguous and failed to explain why Robinson could not have been placed in a similar job elsewhere.[2] (R&R at 18-19.)  The declaration was submitted by Viola Lewis Willis ("Willis"), Assistant Division Chief for Decennial Management Analysis and Special Censuses, and stated that all enumerators appointed on April 27, 2010, the

---

[2] Where a defendant moves to dismiss for lack of standing, "the court may resolve the disputed jurisdictional issues by referring to evidence outside of the pleadings, such as affidavits.'" Unclaimed Property Recovery Serv., Inc. v. Credit Suisse AG, No. 12 Civ. 3290, 2013 WL 1777761, at *1 (S.D.N.Y. Apr. 25, 2013) (quoting Zapata Middle E. Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000)).

6

date of Robinson's appointment, were terminated as of September 5, 2010.  (Willis Decl. ¶ 15.)  But Willis did not "indicate whether any enumerators . . . who were hired with earlier or later 'effective dates' of employment had similarly been terminated by the date this suit was filed." (R&R at 18.)  Defendant now attempts to patch over this ambiguity by submitting an additional declaration stating that the last enumerator hired for the 2010 census was hired on August 30, 2010[3] (Second Willis Decl. at ¶¶ 2-3), but this appears to contradict other evidence in the record which states that the last employees hired through the Census Hiring and Employment Check Office ("CHECO"), which is "responsible for background check processing for applicants applying for and hired to conduct the . . . Census," were not terminated until June 18, 2011. (Patterson Decl. ¶¶ 1, 7.)  While these statements may be reconcilable, they are sufficiently inconsistent and ambiguous to permit Robinson discovery on whether his employment could have been reinstated in April, 2011.

Moreover, the magistrate judge was correct that Defendant failed to explain "why . . . Plaintiff could not have been given a similar job for a different region."  (R&R at 19.)  Though Defendant established that under the normal Census hiring process, "Robinson . . . could only have been hired to work in LCO 2220," which ceased hiring enumerators on May 25, 2010 (Willis Decl. ¶¶ 8-14), reinstating an employee who was wrongfully terminated is inherently an atypical act done outside the bounds of the routine process.  Congress intended that Title VII "'make the victims of unlawful discrimination whole, and . . . the attainment of this objective . . . requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination,'" Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 582

---

[3] The Court may "receive further evidence" in assessing objections to an R&R.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

7

n.15 (1984) (quoting 118 Cong. Rec. 7168 (1972)), such that "'federal courts are empowered to fashion such relief as the particular circumstances of a case may require to effect restitution.'" Id. (quoting Franks v. Bowman Transp. Co., Inc., 424 U.S. 747, 764 (1976)).  Mindful of this admonition, courts have ordered the reinstatement of employees in different positions for which they are qualified where their original position was eliminated, see, e.g. Woodhouse v. Magnolia Hosp., 92 F.3d 248, 257-58 (5th Cir. 1996); Kuepferle v. Johnson Controls, Inc., 713 F. Supp. 171, 173 (M.D.N.C. 1988), or to positions in different geographic locations.  See, e.g., Farhat v. Sally Beauty Co., Inc., No. 91 Civ. 2177, 1994 WL 645282, at *9 (E.D. Mo. Aug. 23, 1994). Defendant has not demonstrated that such a remedy was unfeasible when this litigation began.

  *b. Standing to Seek Declaratory Relief*

  With respect to Robinson's request for "declaratory judgment that the practices complained of . . . are unlawful" (Am. Compl. ¶ 38), the magistrate judge recommended finding that Robinson "should be allowed some discovery into what the Bureau's actual practice was," based on Robinson's allegation that "despite any stated 'policy' regarding the availability of rehire to terminated employees who could demonstrate the dismissal of criminal charges against them, the Bureau's actual practice in Plaintiff's case was to ignore post-arrest submissions and neglect to investigate whether charges had in fact been dropped." (R&R at 18.)

  "[W]here a conclusory allegation in the complaint is contradicted by a document . . . , the document controls and the allegation is not accepted as true."  Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 146 (2d Cir. 2011).  The magistrate judge noted that while Defendant mentioned in its moving papers that, "but for an administrative error, Plaintiff would have been rehired in May, 2010, upon presentation of documentation showing that the criminal charge against him had been dismissed," the evidence submitted by Defendant "never actually

8

states that . . . the Bureau ever stood ready to rehire him." (R&R at 17-18.) This omission, which was pivotal to the magistrate judge's finding that the record did not contradict the alleged discrepancy between Defendant's stated policy and how that policy was applied in practice, has now been cured. (See Third Patterson Decl. at ¶ 3.) Based on the supplemented record, there was no injury that could be remedied by declaratory relief relating to the Bureau's hiring and re-hiring policies for the 2010 Census, and "allegations of *possible* future injury" relating to either a hypothetical future arrest or the 2020 Census "are not sufficient" because they are "too speculative for Article III purposes." Clapper v. Amnesty Int'l, USA, 133 S.Ct. 1138, 1147 (2013) (internal quotations omitted, emphasis in original). Accordingly, Robinson lacks standing to seek declaratory judgment and discovery into the Bureau's general practice, as recommended by Judge Freedman, is no longer warranted.

   c.  *Standing to Seek Other Equitable Relief*

In light of the "'broad equitable powers'" afforded by Title VII "to provide victims . . . with 'complete relief,'" Gulino v. Bd. of Educ. Of City Sch. Dist. of N.Y., 96 Civ. 8414, 2012 WL 6043803, at *3 (S.D.N.Y. Dec. 5, 2012) (quoting Loeffler v. Frank, 486 U.S. 549, 558 n.6 (1988)), the magistrate judge noted that Robinson's request for "[a]n order that Defendant eradicate the effects of its past and present unlawful employment practices" (Am. Compl. ¶ 40) could be fairly read to include requests for an injunction directing Defendant to expunge Robinson's employment records and/or publicly state that Plaintiff's termination was unlawful. (R&R at 15-16.) The magistrate judge recommended that Robinson has standing to seek such relief because Robinson "assert[ed] a likelihood of 'adverse effects' from the disclosure of his employment history to other, prospective employers." (Id. at 16.) Since Robinson "would likely be required to disclose his prior employment and at least the dates of that employment" on future

9

employment applications, which "would give rise to questions by a prospective employer regarding the circumstances under which Plaintiff left his position," it was appropriate for the magistrate judge to find that the harm from such a disclosure could be remedied by Robinson's requested relief. (Id. at 16.)

Defendant asserts that Robinson's "theory of *future* injury is too speculative to satisfy the well-established requirement that threatened injury must be 'certainly impending.'" Clapper, 133 S.Ct. at 1143 (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990), emphasis in original). In Clapper, the Supreme Court found that "the Second Circuit's 'objectively reasonable likelihood' standard is inconsistent with [the] requirement that threatened injury must be certainly impending to constitute injury in fact," and that the theory of standing asserted was overly speculative because it "relie[d] on a highly attenuated chain of possibilities." Id. (internal quotations omitted). Yet, "as the majority appear[ed] to concede, *certainty* is not . . . the touchstone of standing." Id. at 1160 (Breyer, J., dissenting, emphasis in original). Rather, writing for the majority, Justice Alito acknowledged that the Supreme Court's prior opinions "do not uniformly require plaintiffs to demonstrate that it is literally certain that the harms they identify will come about" and that standing may be "based on a 'substantial risk' that the harm will occur." Id. at 1150 n.5 (collecting cases).

Moreover, Clapper is inapposite because Defendant has not corrected the clerical error that cost Robinson his job. See Clapper, 133 S.Ct. at 1153 (distinguishing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 184 (2000), because the harm enjoined in Laidlaw was "concededly ongoing, . . . quite unlike the present case."); see also Bauer, 352 F.3d at 640-41 ("Unlike in . . . cases where standing was found wanting because the threatened injury was wholly contingent on independent and unpredictable events," standing is satisfied by a

"present exposure to a credible threat of harm."). Rather than addressing speculative or hypothetical future injuries, an injunction requiring an employer to expunge personnel files or provide a letter of recommendation for a wrongfully discharged employee remedies the "immediate harm" caused by improper termination. EEOC v. HBE Corp., 135 F.3d 543, 557 (8th Cir. 1998). Indeed, in reversing a district court's denial of expungement, the Seventh Circuit explained that "[b]y refusing to expunge . . . a successful plaintiff's personnel file, a court may force the plaintiff to bear the brunt of his employer's unlawful conduct for the rest of his working career, which certainly contravenes the goal of making a plaintiff whole through equitable remedies." Bruso v. United Airlines, Inc., 239 F.3d 848, 863-64 (7th Cir. 2001). Accordingly, Robinson "has alleged enough . . . to recognize his standing to pursue such relief to redress the negative consequences of his purportedly unlawful termination." (R&R at 17.)

    d. *Mootness*

Finally, Defendant asserts that Robinson's claim for reinstatement is now moot because "all 2010 decennial operations employing enumerators have ceased."[4] (Objections at 20.) As discussed supra, courts ordering the reinstatement of wrongfully terminated employees are not limited to ordering that they be reinstated in the same position from which they were discharged. Accordingly, Robinson's reinstatement claim is not moot because the Bureau has not addressed why it would be unable to provide him with a different, but comparable, job.

## CONCLUSION

The Court has reviewed the remaining sections of the R&R for clear error, and, finding none, hereby adopts them. For the foregoing reasons, Defendant's motion to dismiss is PARTIALLY GRANTED, with respect to Robinson's claim for declaratory judgment and to

---

[4] Having found that Robinson lacks standing to seek declaratory judgment, the Court does not address Defendant's assertion that Robinson's claim for declaratory judgment is moot. Defendant has not asserted that Robinson's claims for other equitable relief are moot.

enjoin the Bureau's termination policy, and is otherwise DENIED. The reference to the magistrate judge is terminated. Defendant is directed to answer to the complaint and both parties are directed to jointly submit a civil case management plan by Friday, June 28, 2013. The Clerk of Court is directed to terminate the motion at docket number 38.

Dated: New York, New York
      May 20, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge